# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WEBBER, <br> Plaintiff, <br> v. <br> CAPITAL ONE, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, <br> Defendants. | CASE NO. 18cv0864 JM(MDD) <br><br> ORDER DENYING MOTION TO DISMISS |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Capital One Bank, N.A. ("Capital One") moves to dismiss the complaint for failure to state a claim. Plaintiff Stephen Webber opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss.

## BACKGROUND

On May 4, 2018, Defendants removed this action from the San Diego County Superior Court, asserting federal question jurisdiction over Plaintiff's Fair Credit Reporting Act ("FCRA") claim in violation of 15 U.S.C. §1681s-2(b). Since filing the Notice of Removal, Plaintiff and Defendant Equifax Information Services, LLC ("Equifax") have resolved their dispute and jointly moved to dismiss the action.

Plaintiff alleges a single FCRA claim against Capital One based upon the December 31, 2015 issuance of two Cancellation of Debt Forms, 1099-C Tax Forms,

regarding two credit card accounts maintained by Plaintiff with Capital One. "The 1099-C tax forms canceled the principal balances owed [on the credit cards], excluding interest and fees." (Compl. ¶25). Capital One submitted the 1099-C Tax Forms to the Internal Revenue Service ("IRS") and, "[a]s a result, Plaintiff was obligated to pay taxes on the cancelled debts." (Compl. ¶28). Plaintiff further alleges that Capital One provided periodic statements containing information about the credit card accounts. After receipt of the 1099-C Tax Forms, "Capital One discontinued its practice of providing periodic statements and letters" about the credit card accounts. (Compl. ¶32). Despite the alleged cancellation of the debt, Plaintiff alleges that Capital One "continued, erroneously, to report balances on the" credit card accounts to Credit Reporting Agencies ("CRAs") like Equifax and Experian. (Compl. ¶34).

In late 2017, Plaintiff submitted a mortgage application to USAA Bank. USAA Bank then denied Plaintiff's application for a loan "based on reporting false information regarding" the credit card accounts on Plaintiff's consumer reports. (Compl. ¶40). On December 29, 2017, Plaintiff provided a written dispute letter to Equifax who, in turn, allegedly forwarded the dispute letter to Capital One. (Compl. ¶¶42-44). Capital One then allegedly used an automated reinvestigation system and instructed Experian, but not Equifax, to remove the information about the credit card accounts. (Compl. ¶48).

In broad brush, Plaintiff alleges that Equifax violated the FCRA by failing to properly investigate Plaintiff's dispute; to review all relevant information; to accurately respond to CRAs; and to correct false information. (Compl. ¶69). Plaintiff also seeks an award of punitive damages as a result of Capital One's actions and inactions. (Compl. ¶71).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.

1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

"To state a FCRA claim under § 1681s-2(b) against a furnisher of information, a consumer must allege that '1) the furnisher provided inaccurate information to the credit reporting agency ('CRA'); 2) the CRA notified the furnisher of a dispute; and

3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA.'" Hernandez v. Wells Fargo Home Mortg., No. 2:14B-V-1500 JCM (VCF), 2015 WL 1204985, at *2-3 (D. Nev. Mar. 16, 2015) (dismissing FCRA claim where the plaintiff failed to allege these three elements).

Here, the complaint adequately alleges a claim for violation of 15 U.S.C. §1681s-2(b). Plaintiff alleges that he received two Cancellation of Debt 1099-C Tax Forms from Capital One, thus obligating Plaintiff to pay income taxes on the cancelled credit card debt. After receipt of the 1099-C Tax Forms, Capital One allegedly continued to report the debt to CRAs. Plaintiff then disputed the erroneous reporting of the cancelled credit card debts with CRAs who, in turn, contacted Capital One. Plaintiff alleges that Capital One failed to correct the errors and continued to report the improper balances to CRAs in violation of 15 U.S.C. §1681a. (Compl. ¶¶28-35 ).

Capital One raises a legal argument by contending that the Cancellation of Debt 1099-C Tax Form is not necessarily a discharge of Plaintiff's debt. Pursuant to the 2015 Instructions for Forms 1099-A and 1099-C, by entering the code "H" the debt is deemed cancelled. (Compl. ¶26). However, the creditor may rebut the ostensible cancellation if:

> a. The creditor (or a third party collection agency on behalf of the creditor) has engaged in significant bona fide collection activity during the 12-month period ending on December 31, or
>
> b. Facts and circumstances that exist on January 31 following the end of the 36-month period indicate that the debt was not cancelled.
>
> Significant bona fide collection activity does not include nominal or ministerial collection action, such as an automated mailing. Facts and circumstances indicating that a debt was not cancelled include the existence of a lien relating to the debt (up to the value of the security) or sale or packaging for sake of the debt by the creditor.

Instructions for Forms 1099-A and 1099-C (2015).[1] Further, the pertinent regulation

---

[1] The court notes that after November 9, 2016, 26 C.F.R. §1.6050P-1 no longer requires issuance of a 1099-C Tax Form upon expiration of a non-payment testing period.

provides that 1099-C Tax Forms must issue upon the occurrence of an identifiable event, "whether or not an actual discharge of indebtedness has occurred on or before the date on which the identifiable date has occurred." 26 C.F.R. §1.6050P-1(a)(1).

The court denies Capital One's motion the dismiss because it raises issues of fact not properly resolved on a motion to dismiss. Whether Capital One is capable of rebutting the deemed cancellation of the debt depends on its ability to show that (1) Capital One engaged in significant bona fide collection activities in the 12-month period prior to December 31, 2015, or (2) the facts and circumstances on January 31, 2016 indicate that the debt was not cancelled. See Instructions for Forms 1099-A and 1099-C (2015).[2]

In sum, the motion to dismiss is denied.

**IT IS SO ORDERED.**

DATED: August 15, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc:		All parties

---

[2] The court notes that the authorities cited by Capital One do not support dismissal of the complaint at the pleading stage. See Ware v. Bank of America Corp., 9F. Supp.3d 1329, 1340 (N.D. Ga 2014) (ruling on summary judgment); F.D.I.C. v. Cashion, 720 F.3d 169, 178 (4th Cir. 2013) (id.).